**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2915-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GERARD A. GRIMES, JR.,

    Defendant-Appellant.

_____

Submitted May 20, 2026 – Decided August 6, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 20-01-0133.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro and Sarah McCaffrey, Assistant Prosecutors, of counsel and on the brief).

PER CURIAM

Defendant Gerard A. Grimes, Jr. appeals from an order denying his petition for post-conviction relief (PCR). In his petition, defendant claimed his plea counsel had rendered ineffective assistance by not moving for dismissal of the indictment based on the State's purported failure to present exculpatory evidence to the grand jury and by failing to challenge hearsay statements and the State's alleged misleading of a witness before the grand jury. Perceiving no abuse of discretion in the PCR court's decision to forego an evidentiary hearing and agreeing with its conclusion that defendant did not establish a prima facie case of ineffective assistance of counsel, we affirm.

I.

A grand jury returned an indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or -3(a)(2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree burglary, N.J.S.A. 2C:18-2; second-degree conspiracy to commit armed burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2; second-degree elusion while operating a vehicle, N.J.S.A. 2C:29-2(b); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); second-degree tampering with evidence, N.J.S.A. 2C:28-6(1); two counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); two counts of second-degree

possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4).

Pursuant to a negotiated plea agreement, defendant entered a guilty plea to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1). The State recommended the dismissal of the remaining counts and a sentence consisting of a seven-year term of imprisonment with a mandatory forty-two month period of parole eligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), for the unlawful-possession offense and a concurrent twelve-year term of imprisonment for the aggravated-manslaughter offense, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

During the plea hearing, defendant confirmed he had reviewed the plea form, police reports, and discovery with plea counsel and that his counsel had answered all of his questions. Defendant also acknowledged that he understood he was giving up certain rights, including his right to a jury trial, and was "pleading guilty of [his] own free will" because he was guilty.

At the sentencing hearing, plea counsel highlighted that the victim possessed a machete on the night the crimes took place, defendant had been chased by the victim and two other people, and defendant disputed attempting

3

to enter the residence where the confrontation began.  The sentencing court gave significant weight to mitigating factor three, N.J.S.A. 2C:44-1(b)(3), finding defendant had "acted under strong provocation," although "not rising to the level of a self[-]defense."[1]  As set forth on the record and as memorialized in an April 1, 2021 judgment of conviction, the court sentenced defendant in accordance with the negotiated plea agreement.  Defendant did not file a direct appeal.

On October 4, 2024, defendant filed a PCR petition, alleging "ineffective assistance of counsel" based on his assertions that the "indictment was prejudic[ial] under State v. Hogan, [144 N.J. 216 (1996),] many statements are hearsay[, and] the witness who testified in the grand jury was misled by [the] prosecutor."[2]  (Capitalization modified).  He was assigned counsel, who assisted

---

[1]  "Self-defense is an affirmative defense under the Criminal Code."  State v. Bragg, 260 N.J. 387, 398 (2025).  Under N.J.S.A. 2C:3-4(b)(2), "[t]he use of deadly force is not justifiable . . . unless the actor reasonably believes that such force is necessary to protect himself against death or serious bodily harm." Bragg, 260 N.J. at 399 (omission in original) (emphasis omitted) (quoting N.J.S.A. 2C:3-4(b)(2)).  "[N]or is it justifiable if . . . [t]he actor knows that he can avoid the necessity of using such force with complete safety by retreating." Ibid. (alterations and omission in original) (quoting N.J.S.A. 2C:3-4(b)(2)(b)).

[2]  In Hogan, 144 N.J. at 237, the Court held a prosecutor's "limited duty" to present exculpatory evidence to a grand jury "is triggered only in the rare case in which the prosecutor is informed of evidence that both directly negates the guilt of the accused and is clearly exculpatory."

A-2915-24

him in filing an amended verified petition, a supplemental certification, and a brief.

In the brief, defendant's PCR counsel argued plea counsel had rendered ineffective assistance for the reasons articulated by defendant in his initial petition, which counsel described as plea counsel's failure to "challenge": "the indictment under . . . Hogan"; "the State's use of hearsay statements [before] the [g]rand [j]ury"; and "the State's misleading of a [g]rand [j]ury witness." Counsel specifically argued plea counsel had been ineffective in failing to move "to dismiss the indictment based on the argument that the State failed to present exculpatory evidence to the grand jury."

After hearing argument, the PCR court entered an order and written decision denying defendant's petition. As a threshold issue, the court held defendant's ineffective-assistance claim was procedurally barred under Rule 3:22-4 because defendant could have raised on direct appeal issues regarding the State's purported use of hearsay before the grand jury, misleading of a grand-jury witness, and withholding of exculpatory evidence.

The court also considered the substantive merits of defendant's claims, finding no support for defendant's claims that the prosecutor had improperly used hearsay before the grand jury, misled a grand-jury witness, or withheld

5

exculpatory evidence. The court determined defendant had "fail[ed] to identify any exculpatory evidence the State did not present" and that the State had "presented ample evidence . . . that can be seen as helpful to defendant," including that the victim had been "armed with a machete," had "pushed" defendant, and had "chase[d]" him. The court also found defendant had not provided any "specific instances of [improper] hearsay" or "specifics to support" his claim that the State had misled a grand-jury witness. The court nevertheless searched the record for improper hearsay and evidence the State had misled a witness and found none.[3]

The court concluded defendant had "failed to identify any valid legal basis" on which plea counsel could have challenged the indictment and, therefore, could not demonstrate the two-prong test for ineffective-assistance-of-counsel claims established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987).

---

[3] Defendant does not challenge on appeal the PCR court's findings regarding his claims based on hearsay and the State purportedly misleading a grand-jury witness. Thus, we deem those issues waived. See Morris v. T.D. Bank, 454 N.J. Super. 203, 206 n.2 (App. Div. 2018) ("An issue not briefed is deemed waived on appeal."); see also State v. Lefante, 14 N.J. 584, 590-91 (1954) (same).

6

Defendant raises the following arguments on appeal:

POINT I

THE PCR JUDGE ERRED IN FINDING THAT THE PETITION WAS BARRED UNDER R[ULE] 3:22-4.

POINT II

THE PCR JUDGE ERRED IN FINDING THAT [DEFENDANT]'S TRIAL ATTORNEY HAD NOT BEEN CONSTITUTIONALLY INEFFECTIVE.

II.

In the absence of an evidentiary hearing, we review de novo "both the factual inferences drawn from the record" by the PCR court and the court's legal conclusions. State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025), certif. denied, 262 N.J. 410 (2026).

To establish an ineffective-assistance-of-counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. To satisfy the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." State v. Hernandez-Peralta, 261 N.J. 231, 247 (2025) (omission in original) (quoting Strickland, 466 U.S. at 687). Reviewing courts shall afford "a strong presumption that counsel's

7

conduct falls within the wide range of reasonable professional assistance." Ibid. (quoting Strickland, 466 U.S. at 689); see also State v. Barclay, 479 N.J. Super. 451, 459 (App. Div.), certif. denied, 259 N.J. 306 (2024).

"Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Echols, 199 N.J. 344, 358 (2009)) (internal quotation marks omitted). "When raising a claim of ineffective assistance of counsel, a defendant 'must do more than make bald assertions that he [or she] was denied the effective assistance of counsel.'" State v. Holland, 449 N.J. Super. 427, 435 (App. Div. 2017) (alteration in original) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also State v. Kearny, ___ N.J. ___, ___ (2026) (slip op. at 27) (same). A counsel's alleged "failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990); see also Balbosa, 481 N.J. Super. at 520.

The second prong of the Strickland/Fritz test "requires the defendant show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Barclay, 479 N.J. Super. at 460 (quoting Strickland, 466 U.S. at 687). The defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 694).

We affirm the denial of defendant's petition substantially for the reasons set forth in the PCR court's analysis of the merits of defendant's ineffective-assistance claims. We see no basis to disturb the court's substantive findings rejecting defendant's claim that plea counsel rendered ineffective assistance by not moving for dismissal of the indictment based on the State's purported failure to present exculpatory evidence to the grand jury and by failing to challenge hearsay statements and the State's alleged misleading of a witness before the grand jury. As the PCR court found, defendant did not demonstrate the State had withheld exculpatory evidence, improperly used hearsay, or misled a witness. Moreover, when a defendant in a PCR petition "asserts their attorney was ineffective by failing to file a specific motion, they must establish that the motion would have been successful." Balbosa, 481 N.J. Super. at 520. Indeed, "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." Ibid. (omission in original) (quoting State v. O'Neal, 190 N.J. 601, 619 (2007)).

On appeal, defendant faults the PCR court for not addressing an argument he contends his counsel made during oral argument: plea counsel was "ineffective in failing to sufficiently bring the exculpatory evidence to the attention of the court and the prosecutor during pretrial proceedings to establish a claim of self-defense." Defendant also contends that, as part of that effort, plea counsel should have "employed an investigator to carry out any kind of exploration of the facts, in order to flesh out a potential self-defense claim." But defendant fails to identify what exculpatory evidence establishing self-defense plea counsel should have presented to the court and the prosecutor or would have been revealed by further investigation. See State v. Porter, 216 N.J. 343, 353 (2013) (holding "[w]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification" (quoting Cummings, 321 N.J. Super. at 170)). Defendant's unsupported assertions do not establish a prima facie case of ineffective assistance of counsel.

Finally, we discern no abuse of discretion in the PCR court's decision to forego an evidentiary hearing. See State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (holding "[w]e review a [court]'s decision to deny a PCR

petition without a hearing for abuse of discretion").  Rule 3:22-10(b) provides that a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief."  See also Porter, 216 N.J. at 354 (same).  A PCR court may forego an evidentiary hearing when a "[d]efendant's allegations amount to nothing more than unsupported assertions, which are insufficient to warrant an evidentiary hearing."  Kearny, ___ N.J. at ___ (slip op. at 27).

"A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'"  Porter, 216 N.J. at 355 (quoting R. 3:22-10(b)).  Defendant did not meet that standard, and, thus, the PCR court did not abuse its discretion by deciding the petition without conducting an evidentiary hearing.

Because we have addressed substantively the PCR judge's findings under Strickland/Fritz, we do not reach the court's findings regarding a procedural bar under Rule 3:22-4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2915-24